IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HIKMAT MANSOUR**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 07-1004 (JR) |
| | ) |
| **ALBERTO GONZALES,** | ) |
| **Attorney General, United States** | ) |
| **Department of Justice**, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER VENUE**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, defendant, Alberto Gonzales, Attorney General, United States Department of Justice, respectfully moves to dismiss plaintiff's Title VII and Section 1981 claims for improper venue, or alternatively, to transfer those claims to the U.S. District Court for the Western District of Virginia.  Because it is apparent that all of the actions about which plaintiff complains occurred at the United States Penitentiary in Lee County, Virginia, where he was employed at all times relevant to the complaint, and because plaintiff's personnel records are not located in this district, transfer is warranted.  A memorandum of points and authorities as well as a proposed order accompany this motion.

Respectfully submitted,

  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    /s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT

Of Counsel:

Paul M. Schneider
Assistant General Counsel
Federal Bureau of Prisons
Office of General Counsel
Labor Law Branch
320 First Street, NW, Room 818
Washington, DC 20534

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HIKMAT MANSOUR**, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No.: 07-1004 (JR) |
| **ALBERTO GONZALES**, **Attorney General, United States Department of Justice**, | | |
| Defendant. | | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS OR, ALTERNATIVELY, TRANSFER VENUE**

Defendant, Alberto Gonzales, Attorney General, United States Department of Justice, respectfully moves to dismiss plaintiff's Title VII and Section 1981 claims for improper venue, or alternatively, to transfer those claims to the U.S. District Court for the Western District of Virginia. Because none of the significant events that form the basis of plaintiff's lawsuit occurred here, and because none of the relevant personnel files are located in this district, transfer is warranted.

**BACKGROUND**

Plaintiff, Hikmat Mansour, worked at the United States Penitentiary located in Lee County, Virginia ("USP Lee") since September 2001. Compl. ¶ 6. Since April 2004, plaintiff was employed as a Safety Specialist. Id. At all times relevant to the complaint, plaintiff alleges that he was one of only two Muslim/Arabic/Middle-Eastern employees at USP Lee. Id. ¶ 9. Shortly after the terrorist attacks that occurred on September 11, 2001, plaintiff alleges that he suffered discrimination and harassment at USP Lee based on his race, color, national origin, and

religion.  Id. ¶¶ 12-13.

During his employment at USP Lee, plaintiff was a member of the "SORT" team.  Id. ¶ 14.  Plaintiff contends that during SORT team training in the fall of 2003, he was physically and verbally assaulted by Officer Joe Shortt, a fellow SORT team member.  Id.  This alleged assault occurred in the presence of several other team members and Officer Shortt allegedly referred to plaintiff as a "f**king terrorist" and told plaintiff to "go back to your country."  Id.  Plaintiff alleges that this was not the only time that he was "called a 'terrorist' due to his race, color, national origin and religion at USP Lee."  Id. ¶ 15.  Plaintiff contends that although team leader Lieutenant Bill Bowen witnessed this assault, and was required to report the assault to USP Lee's administration, Lt. Bowen instead chose to "cover up" the incident.  Id. ¶ 16.  Further, Lt. Bowen allegedly informed plaintiff that if plaintiff reported the incident, he would be removed from the SORT team.  Id.

Plaintiff alleges that he suffered other incidents of discriminatory and hostile treatment while employed at USP Lee.  For example, he contends that in May 2003 he was humiliated by his supervisor in front of other employees. Id. ¶ 19.  In addition, plaintiff alleges that he was forced to work in a cubicle and was denied the opportunity to work in an office, although the office was specifically designated for the "Safety Specialist."  Id. ¶ 20.  Rather, plaintiff contends that while he worked in a cubicle, the "Safety Trainee," an individual with less seniority and no experience, was permitted to use the Safety Specialist office.  Id.  When plaintiff raised this issue with his supervisor, Malachi Mitchell, plaintiff alleges that Mr. Mitchell told him that if plaintiff didn't "f**king like it here, go back to where you came from."  Id. ¶ 21.  Plaintiff contends he also raised the issue with USP Lee's administration, and in response, the

Safety Specialist office was converted to a storage closet, in contravention of the administration's contract with the union. Id. ¶ 22. During his employment, plaintiff also contends that he was the recipient of "objectively offensive, discriminatory and harassing" emails that were sent to him by his co-workers. Id. ¶¶ 23-26.

Plaintiff alleges that he first contacted an EEO counselor at USP Lee on May 24, 2004. Id. ¶ 30. Plaintiff contends that he also notified the Warden of USP Lee of the discriminatory and harassing treatment. Id. ¶ 28. After making these reports, plaintiff contends that his old office in USP Lee's "Unit L was searched and ransacked." Id. ¶ 29. According to plaintiff, several items were taken from the office, including EEO and dispute resolution files, awards plaintiff had received for his work performance, pictures of plaintiff's children, and a transfer application plaintiff had submitted. Id. In addition, after voicing his complaint, plaintiff contends he suffered further discriminatory treatment, including, among other acts, being pulled from the SORT team; not being re-certified as a disturbance control instructor; being forced to resign from his position as an ADR specialist; having a less experienced co-worker designated as the supervisor of USP Lee's Safety Department over plaintiff; not being granted a voucher request in regards to a transfer to another facility; being falsely accused of threatening a co-worker over the telephone and being inappropriately investigated; having his co-workers instructed not to associate with plaintiff; and submitting false information about plaintiff to the Department of Labor's Office of Workers' Compensation. Id. ¶ 32.

Plaintiff further contends that, between late 2003 and late 2005, he applied for no less than 117 transfers "to remove himself from the increasingly hostile environment to which he was being subjected." Id. ¶ 35. Plaintiff contends that he was denied each of these 117 transfers

based on discriminatory and retaliatory reasons.  Id.  Plaintiff contends that he was also denied a hardship transfer that he requested in August 2006 based on death threats he and his family had received from Middle-Eastern/Arab/Muslin extremists.  Id. ¶ 38.  According to plaintiff, the FBI subsequently investigated these threats and arrested the person(s) responsible for making the threats.  Id.

In March 2006, plaintiff was transferred from USP Lee to FDC SeaTac in Seattle, Washington.  Id. ¶ 39.  However, plaintiff contends that he was again retaliated against in regards to this transfer because he was demoted to a position at a lower GS level that paid significantly less than the position as USP Lee.  Id.  Plaintiff contends that he also suffered retaliation because defendant "attempt[ed] to condition [p]laintiff's transfer to FDC SeaTac on [p]laintiff's waiving his legal rights and remedies in his EEO action and removing [p]laintiff from the work place on his first day at FDC SeaTac for refusing to so waive his legal rights and remedies."  Id.

Plaintiff filed his complaint in this Court on June 4, 2007.[1]  In his complaint, plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Section 1981, 42 U.S.C. § 1981 for discrimination based on his race, color, national origin and religion, and retaliation based on his alleged protected activities.  Compl. ¶¶ 41-56.  Plaintiff also contends that he was the victim of a hostile work environment and again seeks relief pursuant to Title VII and Section 1981.  Id. ¶¶ 57-60.

---

[1]Defendant requested, and was granted, an extension of time to respond to the complaint.

# ARGUMENT

I. **Plaintiff's Claims Should be Dismissed Because Venue is Improper in this District.**

    A. **Standard of Review**

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because this Court is not the proper venue for plaintiff's suit. When reviewing a Rule 12(b)(3) motion, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Darby v. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002); see also Quarles v. General Investment & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003). The Court, however, is not required to accept plaintiff's legal conclusions as true. Darby, 231 F. Supp. 2d at 277. Plaintiff bears the burden of establishing that he has initiated the action in the appropriate forum. See Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" plaintiff's assertion of venue. Darby, 231 F. Supp. 2d at 277.

    B. **Venue for Plaintiff's Title VII and Section 1981 Claims Does Not Lie in this Jurisdiction.**

Generally speaking, venue must be established for each cause of action. Lamont v. Haig, 590 F.2d 1124, 1135 (D.C. Cir. 1978); Hayes v. RCA Service Co., 546 F. Supp. 661, 664 (D.D.C. 1982). Title VII creates a limited waiver of the government's sovereign immunity from suit and stands as a bar to jurisdiction by any federal district court that does not meet its venue provision. Archuleta v. Sullivan, 725 F. Supp. 602, 603-04 (D.D.C. 1989).

The statutory scheme in Title VII has a special venue provision which specifies four bases for venue:

> Such an action may be brought in any judicial district in the State **[1]** in which the unlawful employment practice is alleged to have been committed, **[2]** in the judicial district in which the employment records relevant to such practice are maintained and administered, or **[3]** in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but **[4] if the respondent is not found within any such district**, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (numbering and emphasis added).  See also Elezovic v. England, No. Civ.A. 03-0131, 2003 WL 22383583, at *1 (D.D.C. Oct. 20, 2003).  Notably, the fourth basis for venue is applicable only in situations where the agency "may not be found within the judicial district that is the locus of the alleged discrimination." Darby, 231 F. Supp. 2d at 278.  Courts have specifically held that the actions and omissions of an agency's headquarters do not automatically impute venue wherever that principal office is located.  See, e.g., Robinson v. Potter, No. Civ.A. 04-890, 2005 WL 1151429, at *4 (D.D.C. May 2, 2005).  Title VII's specific venue provisions trump the general venue provisions codified at 28 U.S.C. § 1391, and those four criteria are the sole basis on which venue in a Title VII claim may be determined.  See Berenson v. National Fin. Servs., LLC, 319 F. Supp. 2d 1, 3-4 (D.D.C. 2004); Amirmoki v. Abraham, 217 F. Supp. 2f 88, 90 (D.D.C. 2002); Archuleta, 725 F. Supp. at 602.

A comparison of Title VII's venue provision with plaintiff's complaint reveals that venue does not properly lie in this district.  Specifically, plaintiff was an employee in Lee County, Virginia, which is where plaintiff contends that the alleged discrimination and harassment occurred.  Second, records pertaining to this matter are not maintained in the District of Columbia.  Exhibit ("Ex."). 1, Declaration of Todd Sloop ("Sloop Decl.") ¶¶ 3-4.  Notably, since his transfer, plaintiff's employment records are actually located in Texas. Id. ¶ 4.  Third, plaintiff sets forth no facts or assertions that his place of employment, but for the alleged

discriminatory act, would have been in Washington, D.C., as opposed to USP Lee, in Virginia. Thus, under the venue provisions of Title VII, and for purposes of plaintiff's discrimination and retaliation claims, the Western District of Virginia is the appropriate jurisdiction for judicial review of plaintiff's case. Where venue is improperly asserted, as in this case, the Court, pursuant to 28 U.S.C. § 1406(a), shall dismiss the complaint. Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d at 1100, 1102 (D.C. Cir.), cert. denied, 396 U.S. 895 (1969).

None of the allegations of the complaint alter the conclusion that venue does not properly lie in this district. In a Title VII case, "venue cannot lie in the District of Columbia when a 'substantial part, if not all, of the employment practices challenged in th[e] action' took place outside the District." Darby, 231 F. Supp. 2d at 277. The clear *gravamen* of plaintiff's complaint is his allegations under Title VII regarding the employment discrimination and hostile work environment that he contends he suffered while employed at USP Lee. While plaintiff alleges that "many of the employment records relevant employment practices and decisions described herein are maintained and administered in Washington, D.C. . . ." Compl. ¶ 3, the declaration of Mr. Sloop demonstrates that this is in fact not the case. Sloop Decl. ¶¶ 3-4. Plaintiff also contends that the defendant has his principal office in this district. Compl. ¶ 3. However, as this Court has held, this fact alone is not sufficient. Lee v. England, No. Civ.A. 02-2521, 2004 WL 764441, at *1 (D.D.C. Mar. 9, 2004) (Robertson, J.) (noting that plaintiff's assertion "that the defendant Secretary of the Navy has his principal place of business in Washington, D.C. . . . is entirely beside the point, in view of the plain language of [Title VII] that permits venue to be laid where the respondent has his principal office only if the respondent is not found within any of the other districts covered by the statute."); Elezovic, 2003 WL

22383583, at *2 (rejecting argument that venue was proper in this district because defendant's official mailing address was here); Donnell v. National Guard Bureau, 568 F. Supp. 93, 95 (D.D.C. 1983) ("[T]he principal office of an agency supports venue only if all three prior venue provisions cannot be satisfied in any judicial district.") (emphasis added).

    The only allegation that admittedly concerns this district is plaintiff's allegation that based "[u]pon information and belief, the decision(s) to deny [plaintiff's transfer] requests were made at the [d]efendant's headquarters . . . ." Compl. ¶ 35. However, "mere speculation of principal office involvement does not counter the fact that in the plaintiff's complaint, the acts committed occurred in . . . ." Virginia. Robinson, 2005 WL 1151429, at *4. Plaintiff also contends that some actions, although he does not indicate which, taken in retaliation against him for his protected activity were made in this district. Id. ¶ 33. However, even if certain administrative decisions were made in the District of Columbia, it is clear that these administrative decisions do not form the *gravamen* of plaintiff's lawsuit. Rather, the essence of plaintiff's complaint concerns discrimination and harassment/hostile work environment claims that arise from plaintiff's employment at USP Lee. See Compl. ¶¶ 13-32; 36, 40. And, as the District of Columbia Circuit Court has held, by virtue of Title VII's venue provision, Congress intended to "limit venue to the judicial districts concerned with the alleged discrimination." Stebbins, 413 F.2d at 1102; see also Elezovic, 2003 WL 22383583, at *1 ("If the essence of the challenged employment practice occurred in a specific district, then that is the locus of the discriminatory acts and the proper venue under 42 U.S.C. § 2000e-5(f)(3)."). It is clear that even if decisions regarding plaintiff's employment were made in the District of Columbia, those officials were not involved in the bulk of the actions about which plaintiff complains. Rather,

the supervisors and co-workers involved in purportedly discriminating against plaintiff – including allegedly assaulting plaintiff, Compl. ¶¶ 14-16; humiliating plaintiff, id. ¶ 19; denying plaintiff an office, id. ¶¶ 20-22; sending plaintiff offensive and discriminatory emails, id. ¶¶ 23-26; and searching and ransacking plaintiff's office, id. ¶ 29, all worked at USP Lee. Plaintiff's contact with an EEO counselor also occurred at USP Lee. Id. ¶ 30. Because the overwhelming majority of the events about which plaintiff complains occurred outside of this district, venue does not properly lie here. See Robinson, 2005 WL 1151429, at *4 (rejecting plaintiff's contention that venue lied in this district because "the principal office is concerned with the unlawful practice and ultimately had control of the actions . . . ." where it was clear that the alleged unlawful conduct, the relevant employment records, and where plaintiff would have been employed did not concern this district."); Macklin v. Mirant Mid-Atlantic, L.L.C., No. Civ.A. 04-1556, 2005 WL 1006005, at *3 (D.D.C. Apr. 29, 2005) (holding that Title VII action would be transferred because, even accepting plaintiff's allegations that actions were taken in the District of Columbia, "when compared to the totality of events that plaintiff does not dispute occurred in Virginia – plaintiff's residence and employment, the allegedly discriminatory treatment from other employees, meetings held regarding plaintiff's status, and decisions made regarding the plaintiff, including the decision to terminate him – the recommendations, advice and reviews that may have occurred in the District of Columbia are insignificant."); Darby, 231 F. Supp. 2d at 277 ("[V]enue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District, even when actions taken in the District 'may have had an impact on the plaintiff's situation.'") (quoting Donnell, 568 F. Supp. at 94) (emphasis added); Michels v. Convergent Solutions, No.

Civ.A. 89–3165, 1991 WL 84172, at *3 (D.D.C. May 10, 1991) (holding that although plaintiff had serviced clients in the District of Columbia, venue did not properly lie in this district); Donnell, 568 F. Supp. at 94 (granting motion to transfer where, although decisions of individuals located in the District of Columbia "may have had an impact on plaintiff's situation, it was "clear that a substantial part, if not all, of the employment practices challenged in this action were committed in Virginia.").

Furthermore, because plaintiff's claims under 42 U.S.C. § 1981 are also governed by the special venue provision of Title VII, see James v. Booz-Allen, 227 F. Supp. 2d 16 (D.D.C. 2002); Michels, 1991 WL 84172, at *3 & n.1 ("Title VII's venue provision controls over the general venue statute, 28 U.S.C. § 1391.") (citation omitted); Turbeville v. Casey, 525 F. Supp. 1070 (D.D.C. 1981), these claims must also be dismissed.

## II.  IN THE ALTERNATIVE, THIS CASE SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA.

Alternatively, pursuant to 28 U.S.C. § 1406(a), the Court should transfer plaintiff's claims to the Western District of Virginia. Title 28 of the United States Code, section 1406(a) permits courts to transfer a case to a district in which venue is proper, if the court deems that it would be in the "substantial interest of justice" to transfer the case instead of dismissing it. 28 U.S.C. § 1406(a); see Varma v. Gutierrez, 421 F. Supp. 2d 110, 115 (D.D.C. 2006). The statutory provision at 28 U.S.C. § 1406(a) provides that when faced with a complaint laying venue in the wrong district, the district court in which it was filed may, in the interest of justice, transfer it to a district in which it could have been brought. Should this Court deem it appropriate, it may transfer plaintiff's discrimination claims to the Western District of Virginia.

**CONCLUSION**

This lawsuit concerns employment discrimination that allegedly took place while plaintiff was employed in Lee County, Virginia. Because none of the significant events occurred in this district and because plaintiff's personnel records are not located in this district, transfer is warranted.

        Respectfully submitted,

        /s/ Jeffrey A. Taylor
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        /s/ Rudolph Contreras
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        /s/ Michelle N. Johnson
        MICHELLE N. JOHNSON, D.C. BAR # 491910
        Assistant United States Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, N.W. – Room E4212
        Washington, D.C. 20530
        (202) 514-7139

        COUNSEL FOR DEFENDANT

Of Counsel:

Paul M. Schneider
Assistant General Counsel
Federal Bureau of Prisons
Office of General Counsel
Labor Law Branch
320 First Street, NW, Room 818
Washington, DC 20534

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HIKMAT MANSOUR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALBERTO GONZALES, ATTORNEY )<br>GENERAL, UNITED STATES )<br>DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 07-01004-JR |

### DECLARATION OF TODD SLOOP

I, Todd Sloop, do hereby certify, declare, and state as follows:

1. I have been employed by the United States Department of Justice, Federal Bureau of Prisons for approximately seventeen years. I have worked in the personnel department of the agency for approximately fourteen years. I have been the Employee Services Manager at the United States Penitentiary, Lee County, Virginia (USP Lee) for approximately one year. My duties include the oversight of the personnel and training programs at USP Lee.

2. I understand that the Plaintiff in this matter has brought suit based on allegations of events that occurred during his employment at USP Lee. The Plaintiff was employed at USP Lee from July 29, 2001, to February 4, 2006, whereupon he transferred to a Bureau of Prisons facility in Seattle-Tacoma, Washington.

3. It is not the practice or policy of the Bureau of Prisons to maintain employment records of institution staff, such as the Official Personnel File (OPF), in Washington D.C.

4. During the time the Plaintiff was employed at USP Lee, his employment records were maintained at that institution. His employment records are currently maintained at a

consolidated facility in Grand Prairie, Texas.

5.   The statements in this declaration are based upon my own personal knowledge or upon information which I have received as part of my official duties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 27th day of August, 2007.

*[signature]*
TODD SLOOP
Employee Services Manager
United States Penitentiary, Lee County, Virginia
Federal Bureau of Prisons

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HIKMAT MANSOUR**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07-1004 (JR) |
| ) | |
| **ALBERTO GONZALES,** ) | |
| **Attorney General, United States** ) | |
| **Department of Justice**, ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] ORDER**

This matter having come before the Court on Defendant's Motion to Dismiss or, Alternatively, Transfer Venue, plaintiff's opposition, if any, and defendant's reply, if any, it is hereby

**ORDERED** that defendant's motion to dismiss or, alternatively, transfer venue, is **GRANTED**. And it is further

**ORDERED** that this matter is dismissed without prejudice.

**SO ORDERED** on this ____ day of _____, 200__.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HIKMAT MANSOUR**, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No.: 07-1004 (JR) |
| **ALBERTO GONZALES,** **Attorney General, United States** **Department of Justice**, | ) ) ) ) ) |  |
| Defendant. | ) ) |  |

**[PROPOSED] ORDER**

This matter having come before the Court on Defendant's Motion to Dismiss or, Alternatively, Transfer Venue, plaintiff's opposition, if any, and defendant's reply, if any, it is hereby

**ORDERED** that defendant's motion to dismiss or, alternatively, transfer venue, is **GRANTED**.  And it is further

**ORDERED** that this matter is to be transferred to the District Court for the Western District of Virginia.

**SO ORDERED** on this \_\_\_\_ day of _____, 200\_\_.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE